THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR17-0216-JCC |
| Plaintiff, | ORDER |
| v. | |
| RICHARD BLICK, | |
| Defendant. | |

This matter, having come to the Court's attention on the Stipulation for Entry of a Discovery Protective Order submitted by the United States of America and Defendant Richard Blick (Dkt. No. 28), and the Court, having considered the motion, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. <u>Protected Material</u>

The following documents and materials are deemed Protected Material. The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team). This category of Protected Materials will be marked and labeled as "Protected Material":

a. Grand Jury transcripts and exhibits.

b. Victim/Witness statements, including but not limited to reports of law enforcement officers memorializing witness/victim statements, audio/video recordings of interviews of victims and witnesses, and anti-harassment or protection order hearings and applications.

c. Records, reports, and documents related to medical visits and examinations, children's advocacy centers and agencies, Child Protective Services, and schools.

d. The personal information related to victim/witnesses, and any statements and documents containing personal information about or related to any victims and witnesses provided by the government in discovery is deemed Protected Material. As used in this Order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information.

2. <u>Scope of Review of Protected Material</u>

Defense attorneys of record and members of the defense team may display and review the Protected Material with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of Protected Material to the Defendant and other persons. Notwithstanding the terms of this Order, defense counsel may provide electronic copies of any Protected Material to the Federal Detention Center at SeaTac, Washington, for Defendant's review in a controlled environment so long as Defendant is not permitted to retain any copies of that material.

3. <u>Consent to Terms of Protective Order</u>

Members of the defense team shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this Protective Order. The written

consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

### 4. Parties' Reciprocal Discovery Obligations

Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

### 5. Filing of Protected Material

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

### 6. Nontermination

The provisions of this Order shall not terminate at the conclusion of this prosecution.

### 7. Violation of Protective Order

Any violation of any term or condition of this Order by the Defendant, his attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court. If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

//
//
//
//

DATED this 19th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE