THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD BLICK,<br><br>Defendant. | CASE NO. CR17-0216-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Richard Blick's Rule 12(b)(4) Motion for Notice of Government's Intent to Use Evidence (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant is charged with Possession of Child Pornography and Receipt of Child Pornography. (*See* Dkt. No. 7.) He moves, pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), for notice of the Government's intent to use the following evidence at trial: photographs or diagrams; summaries, charts, or compilations; documents, records, or data; audio or video recordings; evidence obtained through any search or seizure, surveillance or a tracking device, an administrative process or grand jury subpoena; evidence displaying Defendant's person, image, voice, or photograph; written, recorded, or oral statements by Defendant; and translations or transcripts of audio recordings. (Dkt. No. 22 at 3–4.)

The Government's disclosure of evidence to be presented in its case-in-chief is required upon a defendant's request, but only to provide a defendant sufficient information to file a suppression motion before trial begins. *See* Fed. R. Crim. P. 12(b)(4)(B) (the request is made "in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C)."). The rule is procedural. *United States v. Cruz–Paulino*, 61 F.3d 986, 993 (1st Cir. 1995). Its purpose is "to avoid the necessity of moving to suppress evidence which the government does not intend to use." *Id*. at 994 (citing Fed. R. Crim. P. 12 advisory committee's note). "The rule was not designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial." *Id*. Furthermore, Rule 12(b)(4) does not require the government to determine and advise the defendant of evidence that may be subject to a motion to suppress. "The defendant—through counsel or otherwise—must make that determination for himself." *See U.S. v. Rigmaiden*, CR 08-814-PHX-DGC, at 1 (D. Ariz. Aug. 27, 2010). Meaning, the defendant must identify the evidence it seeks with specificity. *See, e.g.*, *U.S. v. Ishak*, 277 F.R.D. 156, 159 (E.D. Va. 2011) ("defendant's request must identify potentially suppressive evidence with specificity"); *see also U.S. v. Shapat Ahdawan Nabaya*, 3:17-CR-0003, at 13 (E.D. Va. Apr. 19, 2017) (denying Rule 12(b)(4)(B) motion lacking specificity); *U.S. v. Li*, 3:16-CR-0194, at 5 (M.D. Pa. Feb. 14, 2017) (same).

Given the breadth of evidence for which Defendant seeks disclosure, Defendant appears to be using Rule 12(b)(4)(B) to preview the Government's trial exhibits weeks before disclosure is otherwise required. *See* W.D. Wash. Local Crim. R. 16(d) (requiring the exchange of exhibit lists no less than fourteen days before trial). This is not a permissible use of Rule 12(b)(4).

Accordingly, Defendant's motion (Dkt. No. 33) is DENIED without prejudice. Defendant may renew his motion, but only if he describes the evidence he seeks to suppress with specificity.

//

//

1     DATED this 30th day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE