THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>RICHARD BLICK,<br><br>        Defendant. | CASE NO. CR17-0216-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Richard Blick's motion for a reduction in sentence (Dkt. No. 126), the Government's motion for leave to file an overlength brief (Dkt. No. 130), and the parties' motions to seal (Dkt. Nos. 127, 132). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Mr. Blick's motion for a reduction in sentence (Dkt. No. 126) and GRANTS the Government's motion for leave to file an overlength brief (Dkt. No. 130) and the parties' motions to seal (Dkt. Nos. 127, 132) for the reasons explained herein.

## I.  BACKGROUND

A jury convicted Mr. Blick in March 2018 of receipt and possession of child pornography. (Dkt. Nos. 67, 91.) Mr. Blick was convicted of these offenses after law enforcement discovered a large quantity of child pornography in his Dropbox account and on his laptops, cell phones, and tablets. (Dkt. No. 84 at 2–3.)  Law enforcement also discovered that

Mr. Blick had developed an inappropriate relationship with a minor child victim over the internet and that he had manipulated the victim into sending him pornographic images and videos of herself. (*Id.*) Following Mr. Blick's conviction, the Court sentenced him to 240 months in prison, followed by lifetime supervised release. (Dkt. Nos. 91, 104 at 14.) Mr. Blick's age, the aggravated and expansive nature of his criminal history, and the failure of past sex offender treatment were important considerations in the Court's determination of an appropriate sentence. (Dkt. No. 104 at 14.)

Mr. Blick now moves for a reduction in his sentence under 18 U.S.C. § 3582(c)(1). (Dkt. No. 126.) Mr. Blick requests that the Court reduce his sentence and release him because he has underlying health conditions that make him more likely to develop severe illness from COVID-19 and because he is at a higher risk of contracting COVID-19 while incarcerated. (Dkt. No. 126 at 4–5.) The Government opposes Mr. Blick's motion. (Dkt. No. 131.)

II.     **DISCUSSION**

    A.     **Motion for Reduction in Sentence**

The Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and the Court considers the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A)(i).[1] The defendant bears the burden of making this showing. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). Although the Ninth Circuit has not directly addressed the issue, at least five Courts of Appeals have held that the Sentencing Commission's relevant policy statement, United States Sentencing Guidelines ("USSG") § 1B1.13, is not "applicable" to a motion for a reduction in sentence filed by a defendant directly

---

[1] As a threshold matter, a defendant must also satisfy 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement by first presenting a request for a reduced sentence to the warden of his or her facility and waiting 30 days (or exhausting administrative remedies before the 30-day waiting period expires) before seeking relief from the court. *See United States v. Taylor*, 2020 WL 7383648 (6th Cir. 2020). Mr. Blick has satisfied this requirement. (*See* Dkt. Nos. 35 at 3, 35-1.)

(rather than by the Bureau of Prisons) and therefore does not constrain the Court's discretion. *See United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Maumau*, 2021 WL 1217855, slip op. at 12 (10th Cir. 2021). But even if the policy statement is not binding, the Court may consider it in the exercise of its discretion. *See Gunn*, 980 F.3d at 1180. The policy statement recommends that courts not reduce sentences of individuals who would present a danger to the community upon release, USSG § 1B1.13(2), and the Court finds that to be an appropriate consideration. *See United States v. Arceneaux*, 830 F. App'x 859 (9th Cir. 2020) (affirming denial of a motion for reduction in sentence because the defendant was a danger to the community).

Health conditions that increase an individual's risk of a severe case of COVID-19 may constitute extraordinary and compelling circumstances. *See United States v. Cosgrove*, 454 F. Supp. 3d 1063, 1067 (W.D. Wash. 2020); *United States v. Dorsey*, 461 F. Supp. 3d 1062, 1065 (W.D. Wash. 2020). Mr. Blick is obese and over the age of sixty-five, which increases his risk of developing a severe case of COVID-19. However, some factors undercut Mr. Blick's claim that his health conditions constitute extraordinary and compelling circumstances. First, Mr. Blick was already infected with COVID-19 in December 2020 and his reaction to the disease was relatively mild. (Dkt. No. 126 at 4.) Additionally, the CDC has indicated that while reinfection is possible, it is unlikely. Second, Mr. Blick was offered the Moderna COVID-19 vaccine and refused to receive it. (Dkt. No. 133 at 18.) This decision undermines Mr. Blick's claim because the vaccine would have dramatically reduced the likelihood Mr. Blick would develop severe COVID-19 and by refusing to receive it, he made a voluntary choice to remain at a higher risk. However, in this case, the Court does not need to decide whether Mr. Blick's situation or health conditions qualify as an extraordinary and compelling circumstance because Mr. Blick has failed to demonstrate that his release would not present a danger to the community or that a reduction in his sentence

would be consistent with the 18 U.S.C. § 3553(a) factors.

In assessing whether Mr. Blick would present a danger to the community upon release, the Court looks to the nature and circumstances of his underlying offense, the weight of the evidence against him, his history and characteristics, and the danger that his release would pose to any person or the community. 18 U.S.C. § 3142(g); U.S.S.G. § 1B1.13(2). The nature and circumstances of Mr. Blick's offense were very serious, especially since they involved the exploitation and abuse of children. The weight of the evidence against Mr. Blick was substantial as law enforcement recovered numerous images of child pornography from Mr. Blick's Dropbox account, video messages between Mr. Blick and a minor child victim, and approximately 2,000 files of child pornography in Mr. Blick's motor home. (Dkt. No. 84 at 2–3.) Additionally, Mr. Blick's extensive criminal history makes his danger to the community clear. From 1976 to 1999, Mr. Blick was convicted of Harassment three times, Public Lewdness twice, and Endangering the Welfare of a Child. (Dkt. No. 75 at 6–8.) Starting in 1999, Mr. Blick engaged in conversations of a sexual nature with a twelve-year-old girl he met online, manipulated the victim into sending him sexually explicit photographs, and eventually instigated sexual contact with her. (*Id.* at 8.) As a result, he pled guilty in 2001 to Rape of a Child in the Second Degree and was sentenced to eleven years in prison. (Dkt. No. 67 at 2.) Only a few years after being released from prison, Mr. Blick committed the offenses for which he is currently incarcerated. He was found to be in possession of thousands of files of child pornography and it was discovered that Mr. Blick had manipulated a child victim into sending him pornographic videos and images. (Dkt. No. 75 at 4.) Mr. Blick has an established pattern of commiting serious sexual offenses against minors despite lengthy periods of incarcerations and multiple instances of court-ordered sex offender treatment. (*Id.* at 8, 9, 12.) Additionally, Mr. Blick's history of poor performance on supervised release indicates that no conditions of release are able to assure the safety of the community. For example, after his release in 2011, Mr. Blick failed to comply with the conditions of his sentence by continuing to use the internet, possessing pornography, and

failing to follow a directive. (*Id.* at 9.) Due to the severity and repeated nature of Mr. Blick's offenses, the Court FINDS Mr. Blick would present a danger to the community upon release.

The section 3553(a) factors also weigh against release. These factors include the nature and circumstances of the underlying offense, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range, pertinent policy statements, and the need to avoid sentencing disparities. *See* 18 U.S.C. § 3553(a). When determining Mr. Blick's sentence, the Court considered multiple factors, including the severity of the offenses, the failure of his sex offender treatment, his lengthy criminal record, and his advanced age. (Dkt. No. 104 at 14.) The Court elected to sentence Mr. Blick below the guidelines range based on a thoughtful evaluation of those considerations. Allowing Mr. Blick to serve less than three years of a twenty year sentence would not reflect the seriousness of the offenses, promote respect for the law, provide adequate punishment, or afford adequate deterrence. (*Id.*)

### B.   Motions to Seal and Motions to File Overlength Briefs

Mr. Blick and the Government both move to seal Mr. Blick's medical records. (Dkt. No. 127, 132.) "There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-81 (9th Cir. 2006). The Court need not decide whether Mr. Blick's motion for a reduction in sentence is a dispositive motion because the Court FINDS that Mr. Blick has a compelling interest in maintaining his medical records under seal and that interest outweighs the public's interest in their disclosure. Accordingly, the Court GRANTS the motions to seal. *See Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 5588312, slip. op. at 1 (W.D. Wash. 2013).

Additionally, the Government seeks to file an overlength brief. (Dkt. No. 130.) The Government's response is 14 pages. (Dkt. No. 131.) The Court FINDS that a response brief of that length is reasonable in light of these circumstances and GRANTS the motion.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Blick's motion for a reduction in sentence (Dkt. No. 126), GRANTS the Government's motion for leave to file an overlength brief (Dkt. No. 130), and GRANTS the parties' motions to seal (Dkt. Nos. 127, 132). The Court DIRECTS the Clerk to maintain Docket Numbers 128 and 133 under seal.

DATED this 8th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE